IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**

June 12, 2020

TAMARA CHARLES
CLERK OF THE COURT



**SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

|  |  |
|---|---|
| STEPHANIE HODGE,<br><br>PLAINTIFF,<br><br>V.<br><br>H. DUANE BOBECK; PASSPORT HOLDINGS; NEPTUNE HOLDINGS; AND BOBECK REAL ESTATE COMPANY,<br><br>DEFENDANTS. | SX-08-CV-201<br><br>Cite as: 2020 V.I. Super 068P |

*FOR PUBLICATION*

**Appearances:**

LEE ROHN, ESQ.
Christiansted, USVI
*Attorney for Plaintiff*

ANDREW SIMPSON, ESQ.
Christiansted, USVI
*Attorney for Defendants*

HOWARD PHILLIPS, ESQ.
Christiansted, USVI
*Attorney for Defendants*

## MEMORANDUM OPINION
(Order previously entered on August 9, 2019)

**THIS MATTER** is before the Court on Defendants' Emergency Motion to Quash *Subpoenas Duces Tecum* (hereinafter "Motion") filed July 25, 2019. The Plaintiff filed an Opposition on August 6, 2019. The Court reviewed the matter and issued an order quashing the subpoenas on August 9, 2019. The Court will issue further orders consistent with this memorandum opinion.

## BACKGROUND

The Plaintiff's Second Amended Complaint alleges eight claims against the Defendants, including violation of Title VII of the Civil Rights Act (Count I), violation of the Virgin Islands discrimination and harassment statutes (Count II), wrongful discharge and constructive discharge (Count III), slander and defamation (Count IV), intentional infliction of emotional distress (Count V), contractual compensation for a gas allowance (Count VI), breach of contract and breach of duty of good faith and fair dealing (Count VII), and a pattern and practice of sexual harassment of female employees (Count VIII). (*See generally* Second Amended Compl.)

On July 12, 2019, the Plaintiff filed several notices of intent to serve *subpoenas duces tecum*. The entities served (generally via an agent) included the V.I. Port Authority, V.I. Department of Labor, V.I. Economic Development Commission, Marshall & Sterling of St. Croix, and Davis Jackson, an accountant. According to the Defendants, the Plaintiff's subpoenas would require the served entities "to produce to the Plaintiff confidential, commercial, privileged and personal material that is not relevant to the Plaintiff's claims or defenses." (Mot. 1.) Specifically, the Plaintiff seeks:

**1.     V.I. Port Authority (VIPA)**
All documents referencing an option to purchase, or lease granted to Gallows Bay Development Partners, Neptune Holding LLC, Passport Holding and Duane Bobeck and all related correspondence, emails, minutes of meetings, memos related to said option or lease or does [sic] business with Virgin Islands Port Authority.

**2.     V.I. Department of Labor (DOL)**
Any documents evidencing Worker's Compensation coverage between 2006-2008 for Neptune Holdings, LLC, Passport Holdings LLC, Bobeck Real Estate, Inc. or Duane Bobeck.

**3.     V.I. Economic Development Commission (EDC)**
The files including, but not limited to, any financial statements and all other documents in the file concerning Neptune Holding LLC, Duane Bobeck or Janis Bobeck, Passport Holdings and Bobeck Real Estate.

**4.     Marshall Sterling of St. Croix, Insurance Company [Marshall & Sterling]**
Copies of all insurance policies in effect in 2006-2008 for Duane and Janis Bobeck, Bobeck Real Estate, Passport Holdings, Neptune Holdings that provided coverage for claims of defamation, discrimination, sexual harassment and wrongful discharge.

### 5.    Davis Jackson, Accountant—CPA (Jackson)

Documents indicating applications for EDC benefits for Neptune Holdings LLC or any other companies Duane or Janis Bobeck are members or shareholders of companies so applying, documents granting EDC benefits, documents that give EDC benefits to Duane Bobeck directly or indirectly, regarding obtaining or maintaining EDC tax benefits, tax filings on behalf of Duane Bobeck taking EDC tax benefits.

Any financial statements and/or tax returns for Neptune Holdings LLC from 2003 to 2009 and for 2017 to 2018. Any tax returns or financial statements for the Bobeck Family Trust from 2010 to the present.

The accounting records of Bobeck Real Estate, Neptune Holdings LLC, Passport Holdings LLC and Duane and Janis Bobeck from 2003 to 2009.

(Mot. at 2-3; *See* Notices of Intent to Serve Subpoena, July 12, 2019.)

The Defendants assert that only nonprivileged and relevant information may be discoverable by subpoena, (*id.* at 3), but "the Plaintiff seeks confidential privileged business records, leases, reports and other documents." (*Id.* at 4.) The Defendants suggest that certain business records may not be produced pursuant to Section 881, Title 3 of the Virgin Islands Code. (*Id.*) However, the statute cited by the Defendants provides specific examples of which types of public records[1] are deemed confidential, none of which the Defendants point to with particularity except trade secrets. The Defendants briefly discuss trade secrets in the Motion, stating that "[i]t is not unreasonable to posit that a company's submission of documents to a CPA or required reporting and submissions to governmental agencies may contain trade secrets." (Mot. at 7.) The Defendants assert that they would have to review the documents produced by the subpoenaed entities to determine which documents might contain trade secrets.[2] (*Id.*) Otherwise, the Defendants make a general claim that the disclosure

---

[1] The statute defines "public records" as "all records and documents of or belonging to this Territory or any branch of government in such Territory or any department, board, council or committee of any branch of government." 3 V.I.C. § 881.

[2] As discussed more fully below, the Court does not find it necessary to determine at this time whether the requested documents contain trade secrets because the information sought by the Plaintiff is irrelevant to her claims.

of "confidential" documents "would undoubtedly chill a company's willingness to comply with government's request for information." (*Id.* at 5.)

Additionally, "the documents sought, such as EDC benefits; company financial statements; and workers compensation coverage records are wholly unrelated to whether the Plaintiff was treated poorly by her employer." (*Id.* at 4.) The Defendants also allege that the Plaintiff's subpoenas "may be construed as harassment; issued to intimidate the Defendants; and/or is 'fishing' for documents the Plaintiff is not entitled to." (*Id.* at 4.)

The Plaintiff counters with the argument that the Defendants cannot raise objections on behalf of third parties pursuant to Rule 45(d) of the Virgin Islands Rules of Civil Procedure. (Opp'n. 3.) Generally, an objection to a subpoena must be made in writing by the person subject to the subpoena, V.I.R. Civ. P. 45(d)(2)(b), and none of the subpoenaed entities have done so.

The Plaintiff also alleges that the "Defendants have not stated any recognized privilege that could bar Plaintiff's requests. (Opp'n. at 4.) "[T]hey failed to describe the nature of the withheld business documents and their relation to any privilege so that Plaintiff can properly oppose the claim...." (*Id.* at 5.) The Plaintiff asserts that the Defendants cannot name a privilege because none of the requested information or documents is privileged according to the rules of evidence. (*Id.*) Further, the "Defendants have provided no evidence that any of the documents requested by Plaintiff contain trade secrets." (*Id.* at 6.) The Plaintiff denies seeking information related to trade secrets. (*Id.* at 7.)

The Plaintiff also alleges that the subpoenaed information is relevant because it tends to make the facts of the case more or less probable. (*See id.* at 6-10.) The Plaintiff is seeking the Defendants' business information because the Plaintiff is "a past employee of Defendants where this is a dispute as who was the actual employer and a claim for punitive damages." (*Id.* at 7.) "There is evidence that Plaintiff was paid by various companies, Bobeck Real Estate, Passport Holdings, and Neptune Holdings." (*Id.*) The Plaintiff also indicates an intent to "prove Neptune Holdings was a mere shell

that the other companies wired funds money to…[and] that all companies simply wired to Duane Bobeck as he needed them." (*Id.* 7-8).

As to the tax documents, the Plaintiff states that "they will provide necessary information regarding Defendant Bobeck's financial worth as well as the other Defendants, which can be considered where Plaintiff has a claim of punitive damages." (*Id.* at 9.) "Because Plaintiff seeks punitive damages, the assets and finances of Defendants are relevant to provide evidence that Bobeck and his intertwined businesses are in fact, solvent and able to pay substantial damages." (*Id.*). This statement indicates to the Court that the Plaintiff will attempt to pierce the corporate veil, though that matter is not currently before the Court.

The Plaintiff also specifically addresses the information sought from VIPA. (*Id.* at 10.) "The information requested from VIPA is relevant because Plaintiff was given a percentage of the Gallows Bay Development Partners as a part of her employment with Bobeck. Plaintiff is claiming that she is owed payment for the value of that asset…[making the information about Gallows Bay Development] relevant to Plaintiff's claims and damages as a result of the loss of that percentage of ownership." (*Id.* citations omitted.)

Additionally, the Plaintiff states that the information requested from DOL is necessary because the Plaintiff disputes that she worked for Neptune Holdings, LLC. Allegedly, the "Defendants claim a part of Plaintiff's claims are barred by worker's compensation," but the "Plaintiff claims she was not a covered employee and none of the Defendants were." (*Id.* at 10-11.) The Court is uncertain about the meaning of this statement but from context takes it to mean that the Defendants have alleged the Plaintiff could not obtain worker's compensation even though the Defendants should have coverage as employers. A review of the record shows that the Plaintiff allegedly filed a complaint with the Equal Employment Opportunity Commission, Civil Rights Commission, and Department of Labor. (Second Amended Compl. ¶ 54.) The Defendants deny knowledge about the Plaintiff's statement. (*See* Answers

of all Defendants ¶ 54.) According to the Plaintiff, "whether the companies had [worker's compensation] coverage is relevant where Defendant claims Plaintiff was covered, and Plaintiff claims that she never received worker's compensation." (Opp'n at 11.)

The information from the EDC is sought because the Plaintiff is seeking punitive damages and wants to know the Defendant's "financial worth." (*Id.* at 11.) As to Marshall & Sterling, the Plaintiff disagrees with the Defendants that they did not have insurance, and "Defendant Bobeck testified at his deposition that he had never actually looked to see whether they had a policy that would cover this claim." (*Id.*) The Plaintiff states that if a relevant policy exists, then the Defendants have violated their duty to disclosure that policy. (*Id.*)

## STANDARD OF LAW

Pursuant to the Virgin Islands Rules of Civil Procedure, the scope of discovery, including subpoenas, is limited to "nonprivileged matter that is relevant to any party's claim or defense." V.I.R. Civ. P. 26(b)(1). The Court must limit the frequency or extent of discovery when "the proposed discovery is not relevant to any party's claim or defense." V.I.R. Civ. P. 26(c)(iii).

## DISCUSSION

### 1. Objections may not be raised on behalf of subpoenaed non-parties.

The Plaintiff asserts that the Motion must be denied because the Defendants cannot raise its issues on behalf of non-parties. (Opp'n 3.) "A person commanded to produce documents or tangible things…may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials…." V.I.R. Civ. P. 45(d)(2)(B). To the Court's knowledge, none of the entities served with the Plaintiff's subpoenas have objected. Given the plain language of the rule, the Defendants may not lodge objections on behalf of the non-parties.

However, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." V.I.R. Civ. P. 26(b)(a). The Court is required to limit discovery otherwise allowed when "the proposed discovery is not relevant to any party's claim or defense." V.I.R. Civ. P. 26(b)(2)(C)(iii).

The Court must quash subpoenas that "require[] disclosure of privileged or other protected matter, if no exception or waiver applies...." V.I.R. Civ. P. 45(d)(3)(A)(iii). Quashing or modification of a subpoena is permitted "to protect a person subject to or affected by a subpoena" when it requires "disclosing a trade secret or other confidential research, development, or commercial information...." V.I.R. Civ. P. 45(d)(3)(B)(i). When dealing with trade secrets and confidential information, the Court can also order the production of information when the serving party has a "substantial need" for it "that cannot otherwise be met without undue hardship...." V.I.R. Civ. P. 45(3)(d)(C)(i).

In this case, the Court may limit the Plaintiff's subpoenas if it finds that the requested information is privileged, would reveal trade secrets without a substantial need to do so, or is not relevant to the Plaintiff's claims. These principles are explored below.

## 2. The requested information may be confidential, but not privileged.

### A. *Confidential Information*

"'When considering a motion to quash a...subpoena where the private and confidential information of a company, though not privileged under law, is sought, the Court may weigh the need for the documents against the burden and invasion of corporate privacy.'" *Joseph v. Pricesmart, LLC*, 2018 V.I. LEXIS 17 (V.I. Super. Ct. 2016) (discussing deposition subpoenas and citing *O'Neale's Transp. V. Marshall & Sterling*, 29 V.I. 23 (V.I. Terr. Ct. 1994)). "Confidential" means information "meant to be kept secret." BLACK'S LAW DICTIONARY.

In this case, the Plaintiff has made several requests for confidential information, including financial statements from the EDC, applications for and grants of EDC benefits, tax filings, and accounting records. These documents are confidential because the information contained within them is not known to the public and is not intended to be known absent purposeful disclosure by the person or entity to which the information pertains. Given the nature of this matter, the Defendants clearly do not wish to divulge this information. In weighing the Plaintiff's need for the documents against the invasion of privacy, the Court finds that the information should remain confidential for the time being because the Plaintiff does not need the information to prosecute her claims. The financial statements, EDC benefits, tax filings, and accounting records do not help the Plaintiff prove her case. The Plaintiff

has specified that the information she seeks is related to damages, but the Plaintiff is not entitled to damages as of yet.

The Plaintiff also alleges that there is a dispute as to which defendant was the Plaintiff's employer. The identity of the official employer should be apparent from the Plaintiff's *own* tax documents, and the numerous exhibits submitted with her Opposition indicate--via the Plaintiff's business email signature--that she was an employee of Neptune Holdings, LLC. Whether the Plaintiff's salary was paid by a different defendant, and whether the corporate form was ignored, is a separate issue. However, the Court will allow the Plaintiff to pursue information specific to her employment status with the Defendants, which is discussed further below.

### B. *Privileged Information*

The Virgin Islands recognizes several specific evidentiary privileges in statute and in the Virgin Islands Rules of Evidence. To make a claim that subpoenaed information is privileged, the withholding person must expressly claim privilege and describe the nature of the withheld documents is a manner that enables the serving party to assess its claim. V.I.R. Civ. P. 45(3)(e)(A). The Defendants do not allege any specific privilege other than trade secret. "A trade secret is defined as information that derives actual or potential economic value from not being generally known to readily ascertainable, and which is the subject of reasonable efforts to maintain its secrecy." *VI 4D, LLLP v. Crucians in Focus, Inc.*, 57 V.I. 143 (citing 11 V.I.C. § 1002(d)).

Here, the Court is in agreement with the Defendants that some of the documents and information requested by the Plaintiff may contain trade secrets, but the Defendants have not provided the Court with sufficient information to determine where the trade secrets lie. There is nothing before the Court that establishes any particular information has an actual or potential economic value that stems from its secrecy. For this reason, the Court will reject the trade secrets and privilege argument.

### 3. The requested information is not relevant to the Plaintiff's claims.

The Plaintiff has alleged violation of the Civil Rights Act, violation of Virgin Islands discrimination and harassment statutes, slander/defamation, intentional infliction of emotional distress,

compensation for a promised gas allowance, breach of duty of good faith and fair dealing and contractual duties, and pattern and practice of sexual harassment. (*See generally* Second Amended Compl.) A review of the *subpoenas duces teum* issued by the Plaintiff demonstrate that the documents and information sought have little relation to the allegations made against the Defendants.

### A. *Dispute as to the Identity of Plaintiff's Employer*

As noted above, the Plaintiff alleges that Neptune Holdings, LLC may not have been her actual employer. The Court finds that the question of the employer's identity is relevant insofar as the Plaintiff must prove the identity of her employer at trial if she is to meet the burden of proof for the discrimination and harassment claims. However, the Plaintiff's subpoenas are overly broad for determining which defendant(s) may have constituted an employer. As such, the Court will allow the Plaintiff to re-issue her subpoenas with the following request for information:

> Documents stating or indicating an employer-employee relationship between Stephanie Hodge and any of the following persons or entities: Duane Bobeck; Passport Holdings; Neptune Holdings, LLC; or Bobeck Real Estate Company.

### B. *Worker's Compensation--DOL*

The subpoena to the DOL requests documents regarding workers' compensation coverage from 2006-2008 for the Defendants. According to the Defendants, "Plaintiff is not making a claim of Wrongful Discharge or denial of Worker's Compensation...." (Mot. 6.) Nothing in the Plaintiff's Second Amended Complaint indicates the relevance of worker's compensation coverage either. Whether the Defendants have worker's compensation coverage, and even whether compensation has been claimed by their employees, has no bearing on any of the Plaintiff's claims. If the Defendants do not have worker's compensation coverage as mandated by law—regardless of whether the Plaintiff has made or intends to make a compensation claim—that is not an issue before this Court. As such, the Plaintiff has overreached in her subpoena to DOL and it will be quashed.

### C. *Insurance Coverage of Plaintiff's Claims--Marshall & Sterling*

The Plaintiff has also subpoenaed Marshall & Sterling for copies of all the Defendant's insurance policies that were in effect between 2006 and 2008 that specifically cover "defamation, discrimination, sexual

harassment and wrongful discharge." (Mot. at 2.; Exhibit B to Mot.) The Defendants have stated that none exist. (Mot. at 2, n. 2 (stating "Defendants disclosed to the Plaintiff in October 7, 2009 Rule 26 Initial Disclosures that no insurance policy exists that could satisfy a judgment, in whole or part.") Regardless of whether these documents exist, they have no bearing on whether the alleged acts occurred in fact and do not prove any of the Plaintiff's claims.

Furthermore, the obligation to provide a copy of an insurance agreement that may satisfy a judgment is an initial disclosure requirement under Rule 26 of the Virgin Islands Rules of Civil Procedure. V.I.R. Civ. P. 26(a)(1)(A)(iv). If the Defendants have failed to supply a necessary disclosure, the Plaintiff's remedy is to move for an order compelling discovery, not to undertake an investigation herself. *See* V.I.R. Civ. P. 37(a).

### D. *Plaintiff's Contract Regarding Gallows Bay Development--VIPA*

The Plaintiff alleges breach of contract and breach of duties, which the Court assumes is related to the profit-sharing agreement that gives the Plaintiff a percentage share of profits attributed to an entity called Gallows Bay Development Partners, a subsidiary of Neptune Holdings, LLC. The agreement extends to "cash received from selling, leasing or renting any asset or any use of any asset or personal property or product owned or controlled by GBDP or any option or other consideration to use any asset or any cash received from financing or any other cash received by GBDP including the sale of fuel, water, electricity, and dock space," less expenses. (Exhibit 11 to Opp'n.)

The Plaintiff subpoenaed VIPA for documents related to an option to purchase or to a lease granted to Gallows Bay Development Partners or the Defendants. Here, since the profit sharing agreement does not involve any defendant other than Neptune Holdings, LLC, the Plaintiff's subpoena is impermissibly broad and seeks irrelevant information. The Plaintiff may not seek documents that do not relate to Neptune Holdings, LLC or to Gallows Bay Development Partners. The Court will allow the Plaintiff to reissue the subpoena to VIPA with the following limited language:

> Documents referencing business conducted with Gallows Bay Development Partners or Neptune Holdings, LLC, as the parent company of Gallows Bay Development Partners, including any option to purchase or lease, and documents evidencing monies paid or transferred to Gallows Bay Development Partners or Neptune Holdings, LLC, as the parent company of Gallows Bay Development Partners.

### E. *Corporate Veil and Damages--EDC and Jackson (CPA)*

The subpoena to EDC is also overly broad and irrelevant because the financial statements and files held by EDC have no relationship to the Plaintiff's causes of action. Likewise, the subpoena issued to the accountant, Jackson, is overbroad and mostly irrelevant. It seeks documents regarding the Defendants' EDC benefits--which the Court has already determined are confidential and do not prove the Plaintiff's claims. The Plaintiff notes that this Court has previously adhered to the Restatement rule that indicates juries may consider the wealth of a defendant when awarding punitive damages. (Opp'n 8-9 (citing *In re Catalyst Litig.*, Individual Docket No. SX-05-CV-806, 2016 WL 4479487 (V.I. Super Ct. 2016)). While the jury may consider wealth, the Court does not read that rule to say that the jury must be provided with hard evidence of a defendant's net worth.

It also seeks the financial statements and tax returns of Neptune Holdings, LLC for 2003-2009 and 2017-2018, and accounting records for all Defendants from 2003-2009. However, the Plaintiff was employed by Neptune Holdings, LLC (or the other Defendants) only between February 2006 and February 2008. *See generally* Second Amended Compl. Again, the Plaintiff will be permitted to reissue the subpoenas to seek documents specifically indicating an employer-employee relationship between the Plaintiff and any defendant, but the Court will only allow such an intrusion only for the relevant timeframe, 2006 up to any filings made in 2009 that pertain to the year 2008, since that was the last year of Plaintiff's employment.

The subpoena also requested tax returns and financial statements for the Bobeck Family Trust from 2010 to present. Duane Bobeck has stated that he transferred his shares of Bobeck Real Estate Company to the trust in December 2010. (Duane Bobeck Deposition 90.) A transfer of assets in the pendency of a lawsuit raises a red flag but is not immediately presumed to be fraudulent. Bobeck stated in his deposition that the shares were likely moved as part of estate planning, and the burden, in the case of a favorable judgment that cannot otherwise be satisfied, will be on the Plaintiff to prove otherwise. The Court fails to see how the numbers of the trust's accounting records will assist the Plaintiff at this time.

The Plaintiff's subpoenas and justifications outlined in her Opposition have alerted the Court to her intention to pierce the corporate veil. To pierce the corporate veil is an equitable remedy whereby a court disregards the existence of the corporation due to abuse of the corporate form. *Matheson v. V.I. Cmty. Bank*

*Corp.*, 297 F. Supp.2d 819, 833 (D.V.I. 2003) (citing *Trs. of the Nat'l Elevator Indus. Pension, Health Benefit & Educ. Funds v. Lutyk*, 332 F.3d 188, 192 (3d Cir. 2003). "Under both state and federal common law, abuse of the corporate form will allow courts to employ the tool of equity known as veil-piercing, i.e. disregarding the corporate entity to impose liability on the corporation's shareholders. Piercing the corporate veil, while sometimes raised in a complaint, is not technically a mechanism for imposing legal liability, but for remedying the fundamental unfairness that will result from a failure to disregard the corporate form." *Balbo Corp. v. Enighed Condos., LLC*, 2011 V.I. LEXIS 11 (internal brackets and quotation marks removed) (citation omitted).

In this case, the Plaintiff has not specifically raised veil piercing in her Amended Complaint or by motion, or even in her Opposition, so it is a matter that is not properly before the Court at this time except as a potential remedy. As such, the Court will not allow the Plaintiff to issue subpoenas as though piercing the veil is a certainty. Furthermore, there will be no need to pierce the veil unless and until the Plaintiff is in possession of a judgment that cannot otherwise be satisfied. If the Plaintiff receives a judgment that can be fulfilled without intrusion by the Court into the functioning the business defendants, then the point is moot.

## CONCLUSION

In sum, the Plaintiff's subpoenas to DOL and Marshall & Sterling are fully quashed for irrelevance. The Court will allow the Plaintiff to reissue subpoenas to VIPA, EDC, and Jackson in accordance with the above opinion so that the Plaintiff may seek information relating specifically to her employment and to whether proceeds from Gallows Bay Development Partners have been withheld from her. Accordingly, it is hereby:

**ORDERED** that the subpoenas to Department of Labor and Marshall & Sterling of St. Croix are **QUASHED**. It is further

**ORDERED** that the subpoenas issued to Virgin Islands Port Authority, the Economic Development Commission, and to accountant Davis Jackson are **MODIFIED**, *nun pro tunc*, as indicated in this Memorandum Opinion. If the Plaintiff intends to reissue the modified subpoenas, she must do so within **THIRTY (30) DAYS**.

**DONE and so ORDERED this** $\underline{12^{th}}$ **day of June, 2020.**

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor

Dated: _____6/12/2020_____